UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **RODERICK BRANCH**<br>    **LA. DOC #430124**<br>**VS.**<br><br>**MEDICAL STAFF, DAVID WADE**<br>**CORRECTIONAL CENTER, ET AL.** | **CIVIL ACTION NO. 5:13-cv-3210**<br><br>**SECTION P**<br><br>**JUDGE S. MAURICE HICKS**<br><br>**MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

    Pro se plaintiff Roderick Branch, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 3, 2013. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (DOC). He is incarcerated at the David Wade Corrections Center (DWCC) and complains that he was denied prompt and appropriate medical care for injuries he sustained in an altercation with a fellow inmate. He seeks compensatory, nominal, and punitive damages against the defendant corrections officials. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Statement of the Case*

    Plaintiff submitted his original complaint in the form of a letter to the Clerk of Court in which he claimed that he was severely beaten by a fellow inmate on July 22, 2013. Thereafter, according to plaintiff, he was examined by Nurse Tucker who cleaned plaintiff's wounds and recommended Tylenol for pain. Plaintiff awoke the following morning with a headache and

numbness. He made sick call complaining of these symptoms and suggesting that he be examined by a physician in a hospital emergency room. His request was denied. Plaintiff was subsequently examined by Dr. Jeffery Bruce Fuller who initially concluded that plaintiff's right eye was moving slower than his left. Plaintiff concluded his original complaint with the request that he be examined by another physician and that he receive "assistance." [Doc. 1] Plaintiff's letter was filed as a deficient complaint and plaintiff was directed to amend his complaint and use the form provided for such purposes by the Court. [Doc. 3]

On January 8, 2014, plaintiff submitted the complaint utilizing the proper form. He identified the following defendants – Warden Jerry Goodwin, Medical Warden Robert Rachal, Doctor Fuller, Medical Supervisor Paula Millwee, Col. Tolliver, and Nurse Jackie Tucker. In an attached letter he outlined the factual support of his claims as follows:

On July 22, 2013, plaintiff was injured and rendered unconscious in an assault perpetrated by another inmate.

He was initially examined by Nurse Jackie Tucker who after dressing his wounds, provided Tylenol for pain.

Plaintiff awoke the following day experiencing headache and numbness to the right side of his face. Plaintiff's ability to taste was limited and he spit up blood.

Plaintiff made a routine sick call and made complaints to unidentified members of the medical staff. Despite his complaints, he was not hospitalized and did not obtain an x-ray examination of his head.

According to plaintiff, as a direct result of this "inattention" by unidentified medical staff, plaintiff's "right eyeball sits lower than [his] left one and now [he has] the appearance of looking

downward..." Further, plaintiff experiences pain when he writes, reads or walks in the sun light.

Plaintiff was examined by Dr. Fuller who denied him a change in duty status. Fuller examined plaintiff on July 22, 2013, and advised that his right eye was moving slower than the left. An x-ray examination done on August 13, 2013, and again on August 27, 2013. On the latter date plaintiff was again examined by Dr. Fuller who opined that the x-ray revealed that there was nothing wrong with plaintiff. According to plaintiff, both Dr. Fuller and Nurse Williams examined him and concluded that his eyes were "robust."

Plaintiff was examined by a physician at E.A. Conway Hospital on December 2, 2013. According to plaintiff, this physician disagreed with Dr. Fuller's conclusions and scheduled plaintiff for a CAT-scan at the LSU Medical Center. According to plaintiff this test was scheduled for December 6, 2013, but he was not transported to the center for that purpose. However, on January 3, 2014, he was examined by Drs. LeBlanc, Hue, and Guy at the LSU Medical Center who advised that since he was not treated immediately after sustaining the injury surgery would not cure his blurred vision and would be risky.

Plaintiff filed a First Step Grievance on July 29, 2013. On September 9, 2013, his grievance was rejected as follows:

> I have reviewed your request for administrative remedy in which you claim improper medical care after an altercation with another offender on 7/22/13. Nurse Tucker arrived to examine you two minutes after your altercation was noted and the beeper sounded. Your were found to have a shallow cut above your right eye, small cut on bottom lip, and a knot above your right eye and forehead. A neurological assessment was done which was negative for potential brain trauma. Appropriate treatment was given and you were placed on treatments to monitor your wounds until healed. You made sick call on 7/26/13 reporting headaches and numbness to your face. Your were examined by Nurse Williams. Our physicians are in the best position to determine your course of care. All medical encounters were reviewed by a DWCC physician, and you were given a physician evaluation

on 8/11/13 with a follow up on 8/26/13. Your medical needs have been appropriately addressed. [Doc. 4-1, p. 4]

Plaintiff appealed this response to DOC Headquarters claiming, "If the institution physician(s) were in the best position as claim[ed], why haven't he/she found the reason(s) for my numbness which I believe a nerve(s) has been damaged on the right side of my face." [*Id*.] On October 28, 2013, his appeal was rejected by the DOC Headquarters who noted, "Your statement has been considered as well as your medical records. The medical staff is well aware of your medical condition and has adequate information upon which to base a determination of your medical concerns and the treatment necessary. Medical opinion is controlling. The medical care you have received and will continue to receive is deemed adequate." [Doc. 4-1, p. 5]

Plaintiff claimed that the physician and nurses were "unprofessional and showed devoid (sic) of concern for [his] condition."

### *Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## 2. Medical Care

Plaintiff is an inmate in the custody of the LDOC. He complains that he was denied various diagnostic tests and appropriate treatment for the injuries he sustained when he was assaulted by a fellow inmate. The constitutional right of a convicted prisoner to prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment.  In order to establish an actionable  violation of the Eighth Amendment,  the prisoner plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

It is manifestly obvious that plaintiff simply disagreed with the decisions of the health care professionals who were responsible for his care and treatment.  Plaintiff admits that he was examined by the medical staff and Dr. Fuller at DWCC. Their examinations established no

5

serious injuries and consequently diagnostic tests were not initially ordered. As noted in both plaintiff's complaint and in the responses to his grievances, when plaintiff continued to complain about pain and numbness he was thereafter examined by Dr. Fuller, a physician at E.A. Conway Hospital, and three specialists at the LSU Medical Center. A full compliment of diagnostics including x-ray examinations and a CAT Scan were provided.

Of course, plaintiff disagrees with the initial conclusions and treatment options offered by the DWCC medical staff; however, his disagreement with the health care professionals' diagnosis or treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

In any event, in order to allege a violation of the Eighth Amendment plaintiff must not only demonstrate deliberate indifference on the part of the defendants, but he must also demonstrate that the deliberate indifference resulted in substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). Plaintiff has alleged that as a result in the delays he experienced his vision is now blurry and one eye is "slower" and "lower" than the other; however, these are merely conclusory allegations. He has alleged no facts to demonstrate that his current condition resulted from erroneous treatment choices as opposed to the initial assault.

Finally, even if the DWCC Medical Staff erred, such error, if any, should be considered negligence and not deliberate indifference, and "... [m]ere negligence, neglect, or medical malpractice" do not constitute deliberate indifference. *Varnado v. Lynaugh*, 920 F.2d 320 at 321. Even "gross negligence" does not establish deliberate indifference. *Hernandez v. Tex. Dep't of*

*Prot. and Reg. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004).

In other words, his medical care complaint fails to state a claim for which relief may be granted and dismissal on that basis is appropriate.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, February 24, 2014.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**